UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAY PATTON, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No.: 3:07-cv-456 ) (VARLAN/GUYTON) |
| ROSCOE BYRD, et al., | ) ) |
| *Defendants*. | ) |

## MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. Plaintiff is in the custody of the Tennessee Department of Correction and confined in the Morgan County Correction Complex; he brought this action during his confinement at the Brushy Mountain Correctional Complex. His complaint concerns an alleged assault by prison guards, the use of excessive force, the denial of medical care, and the violation of his right to due process as a result of disciplinary proceedings. The matter is before the Court on three non-dispositive motions filed by the plaintiff.[1]

Plaintiff has filed a motion to compel discovery, in which he seeks production of the following three policies from the Tennessee Department of Correction (TDOC): #302.01, #305.10, and #506.07. In response to the motion to compel, the defendants state that, as evidenced by the exhibits attached to plaintiff's affidavit in support of the motion to compel,

---

[1] There is also pending a supplemental motion for summary judgment filed by defendant Ronald D. Higgs, M.D., which will be addressed by the Court in a separate Memorandum and Order.

the defendants have provided answers to each of plaintiff's requests that were relevant, properly narrowed in scope and time, and not privileged or confidential, and have also provided plaintiff with numerous documents. The defendants further state that TDOC polices are available in each prison library or may be obtained through an inmate's counselor.

In reply, plaintiff states that he has sought copies of the policies in question by filing grievances and information requests and has been denied copies. The Court notes that in the defendants' response to plaintiff's request for production of documents, as evidenced by the exhibits attached to plaintiff's affidavit in support of the motion to compel, the defendants refused to provide copies of TDOC policies #302.01, #305.10, and #506.07 because those policies have not been approved for inmates to view since release of the policies could jeopardize institutional safety and security. Under the circumstances, and the record as a whole, the Court finds the motion to compel [Doc. 87] is not well-taken and it is **DENIED**.

Plaintiff has filed a motion for entry of default against the defendants for failure to answer his discovery requests. As evidenced by the exhibits attached to plaintiff's affidavit in support of his motion to compel discovery, it is clear that the defendants did in fact respond to his discovery requests. Accordingly, his motion for entry of default [Doc. 94] is **DENIED**.

Plaintiff has filed a motion for entry of default against Ronald Higgs for failure to plead or otherwise defend. Defendant Higgs having filed a motion for summary judgment, plaintiff's motion for entry of default against defendant Higgs [Doc. 96] is **DENIED**.

**E N T E R:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3

Case 3:07-cv-00456   Document 101   Filed 09/24/09   Page 3 of 3   PageID #: 843