UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAY PATTON,                          )
                                     )
    *Plaintiff*,                    )
                                     )
v.                                   )    No.:   3:07-cv-456
                                     )           (VARLAN/GUYTON)
ROSCOE BYRD, et al.,                 )
                                     )
    *Defendants*.                   )

**MEMORANDUM AND ORDER**

This is a *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. Plaintiff is in the custody of the Tennessee Department of Correction and confined in the Morgan County Correction Complex; he brought this action during his confinement at the Brushy Mountain Correctional Complex. His complaint concerns an alleged assault by prison guards, the use of excessive force, the denial of medical care, and the violation of his right to due process as a result of disciplinary proceedings. The matter is before the Court on the supplemental motion for summary judgment filed by defendant Ronald D. Higgs, M.D.[1] For the following reasons, the supplemental motion for summary judgment [Doc. 78] is **GRANTED**.

**I.**     **Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

---

[1]There are also pending three nondispositive motions filed by plaintiff, which will be addressed by the Court in a separate Memorandum and Order.

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. *Id*. 106 S.Ct. at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36. Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801

F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

## II.  Factual Background

In his complaint, plaintiff alleges that Dr. Higgs is the medical administrator at Brushy Mountain Correctional Complex and is responsible for ensuring that inmates receive necessary medical treatment. [Doc. 3, Complaint for Violation of Civil Rights, p. 5, ¶ 11]. Plaintiff further alleges that he needs treatment for injuries to his left thumb and left ankle, which he sustained during the alleged assault by prison guards, but that Dr. Higgs has refused him that treatment. [*Id.* at 29-31, ¶¶ 81-84]. Plaintiff alleges that Dr. Higgs' refusal to provide treatment constitutes deliberate indifference to serious medical needs in violation of the Eighth Amendment as well as the tort of negligence. [*Id.* at 34-35, ¶¶ 93-94].

3

Case 3:07-cv-00456   Document 102   Filed 09/24/09   Page 3 of 8   PageID #: 846

## II. Discussion

The Court denied defendant Higgs' original motion for summary judgment because, although he stressed that the care he provided to plaintiff was in conformity with the acceptable standard of care for physicians practicing in Morgan County, Tennessee, he did not address plaintiff's allegations of deliberate indifference to serious medical needs. The Court also noted that plaintiff's medical records had not been filed and were not a part of the record in the case.

In support of his supplemental motion for summary judgment, defendant Higgs has filed plaintiff's medical records [Doc. 78, Attachment 1] and his affidavit [Doc. 79, Supplemental Affidavit of Ronald D. Higgs, M.D.]. Defendant Higgs has also filed a supporting Memorandum of Law [Doc. 80] as well as a Supplemental Statement of Undisputed Facts [Doc. 81].

In his Supplemental Affidavit, defendant Higgs testifies as follows:

> 1. I am a physician licensed to practice medicine in Tennessee. I received my medical degree from Spartan Health Sciences University in St. Lucia, West Indies in 1985. I did a residency program in family medicine at Meharry Medical College in Nashville, Tennessee. I completed residency training in 1989. I have been licensed to practice medicine in Tennessee since 1989. A copy of my curriculum vitae is Attached as Exhibit A.
>
> 2. I am familiar with the recognized standard of acceptable professional practice in the specialty of family medicine required of physicians practicing in Morgan County, Tennessee and similar communities as it existed at all times material to the matter involved in this action.
>
> 3. I provide medical treatment to inmates incarcerated at Brushy Mountain Correctional Complex located in Petros, Tennessee.

4

4. I gave a verbal order for a nurse to draw a blood sample from Inmate Patton to be tested for infectious diseases on December 4, 2006 after it was reported that Inmate Patton had thrown urine and feces on at least one officer.

5. On June 5, 2007, I evaluated Inmate Patton for complaints of left thumb pain. I prescribed Motrin for the discomfort and ordered an x-ray of the left thumb.

6. The medical records reflect that on June 13, 2007 an x-ray was performed on Inmate Patton's left thumb. The x-ray did not reveal any abnormalities.

7. I next evaluated Inmate Patton on July 12, 2007 for complaints of left thumb pain. At the appointment I learned that Inmate Patton was not taking the Motrin as prescribed, therefore, I discontinued the order. I suggested that steroids be administered to treat Inmate Patton's condition, however, he declined. At the July 12, 2007 appointment, Inmate Patton exhibited volatile conduct, and therefore, I requested that he be escorted by officers from the examination room.

8. On August 2, 2007 I evaluated Inmate Patton for complaints of stomach pain. I prescribed Zantac to treat his stomach discomfort.

9. I evaluated Inmate Patton for complaints of the Zantac no longer being effective on September 6, 2007. At the September 6, 2007 appointment, Inmate Patton exhibited volatile conduct, and therefore, I requested that he be escorted by officers from the examination room.

10. Inmate Patton did not make complaints of left ankle pain to me at any time during his evaluations.

11. I provided prompt and appropriate care and treatment to the plaintiff, Inmate Patton, and was not deliberately indifferent to his serious medical needs.

12. It is my professional opinion, within a reasonable degree of medical certainty, that the care provided to the plaintiff, Inmate Patton, by me was in conformance with the acceptable standard of care for physicians practicing family medicine in Morgan County, Tennessee and similar communities, and I did not deviate or depart therefrom. I am of the opinion,

> within a reasonable degree of medical certainty, that I did not proximately cause harm or damage to the plaintiff.

[Doc. 79, Supplemental Affidavit of Ronald D. Higgs, M.D., pp. 1-3]. Defendant Higgs' testimony is supported by plaintiff's medical records. [Doc. 78, Attachment 1].

The Eighth Amendment's ban against cruel and unusual punishment obliges prison authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "he is incarcerated under conditions posing a substantial risk of serious harm." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citation omitted). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Under the circumstances, the Court finds that plaintiff's

6

allegations that defendant Higgs refused to treat plaintiff's injuries to his left thumb and left ankle, without more, fail to satisfy either the objective or subjective components of the *Estelle* standard.

To the extent plaintiff seeks to hold defendant Higgs liable for the tort of negligence, it has long been settled that allegations of mere negligence on the part of prison officials fail to state a claim upon which relief can be granted in a § 1983 action. *Daniels v. Williams*, 474 U.S. 327 (1986); *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

There are no genuine issues as to any material facts regarding plaintiff's claim that he was denied medical treatment by defendant Higgs. Accordingly, defendant Higgs is entitled to judgment as a matter of law.

## V.    Conclusion

Defendant Higgs is entitled to judgment as a matter of law and his motion for summary judgment is **GRANTED**. Ronald D. Higgs, M.D., is **DISMISSED** from this action.

**E N T E R :**

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
